1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

9

10

11

12

13

AMAZON.COM INC.; and
AMAZON.COM SERVICES LLC,

                Plaintiff,

    v.

QIANG LIU, an individual; YALIN WU, an
individual; LIAO DENGKUN, an
individual; and DOES 1-10,

                Defendant.

Case No. C23-0484-JHC-SKV

ORDER GRANTING EX PARTE
MOTION FOR ALTERANTIVE
SERVICE

14

15

16

17

18

19

20

## INTRODUCTION

       Plaintiffs Amazon.com, Inc., and Amazon.com Services LLC (collectively "Amazon")

filed an *Ex Parte* Motion for Alternative Service.  Dkt. 34.  Amazon seeks an order authorizing

completion of service of process by email on Defendants Qiang Liu, Yalin Wu, and Liao

Dengkun (collectively "Defendants").  The Court, having considered the motion, all documents

filed in support, and the balance of the record, herein GRANTS Plaintiffs' motion for the reasons

set forth below.

21

## BACKGROUND

22

23

       This matter involves claims for misrepresentation of copyright infringement, breach of

contract, tortious interference with contractual relationship, fraud, violation of the Washington

Consumer Protection Act, and claims under the Lanham Act for cancellation of trademark, and

ORDER GRANTING EX PARTE MOTION FOR
ALTERANTIVE SERVICE - 1

civil liability for false or fraudulent trademark registration.  *See* Dkts. 1 & 28.  Specifically, Amazon alleges Defendants obtained fraudulent trademark registrations in order to gain access to Amazon's intellectual property protection services, and then abused Amazon's notice-and-takedown procedures to deceptively remove product listings in the Amazon Store in violation of Amazon's rights and policies.  *Id.*

After conducting third-party discovery and investigation, Amazon identified Defendants by name and narrowed their locations to China, but has not located valid physical addresses for service on any Defendant.  *See* Dkt. 35, ¶¶2-7.  Amazon did, however, uncover email addresses linked to Defendants through Amazon selling accounts, a payment service provider, and the United States Patent and Trademark Office, and now seeks an order from the Court granting leave to serve Defendants through the following email addresses:  (1) Defendant Qiang Liu: hjy13327358820@163.com; and qqla778@163.com; (2) Defendant Liao Dengkun: hengyitm@outlook.com; 1252763389@qq.com; and xutingservice@yeah.net; and (3) Defendant Yalin Wu: 1252763389@qq.com; and xutingservice@yeah.net.  *See* Dkts. 35 & 36.  In order to confirm that each of these email accounts remain functional, Amazon, on May 23, 2024, emailed Defendants at these email addresses.  Dkt. 35, ¶8.  Amazon did not receive any error notices or bounce back messages in response to the emails.  *Id.*  Amazon now seeks to serve Defendants using RPost (www.rpost.com), an online service for service of process.  *Id.*, ¶9.

DISCUSSION

Federal Rule of Civil Procedure 4(f) permits service of process on individuals in foreign countries by:  (1) internationally agreed means of service reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) if there is no internationally agreed means, in accordance with the

1    foreign country's law; or (3) "by other means not prohibited by international agreement, as the

2    court orders."  Fed. R. Civ. P. 4(f)(3).  To obtain a court order under Rule 4(f)(3), a plaintiff must

3    "demonstrate that the facts and circumstances of the present case necessitate[] the district court's

4    intervention." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

5         In addition to the requirements of Rule 4(f), "a method of service of process must also

6    comport with constitutional notions of due process." *Id.*  "To meet this requirement, the method

7    of service crafted by the district court must be 'reasonably calculated, under all the

8    circumstances, to apprise interested parties of the pendency of the action and afford them an

9    opportunity to present their objections.'" *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover*

10   *Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

11   A.    Rule 4(f)

12        Amazon asserts its inability to locate a physical address for Defendants.  *See* Dkt. 13.

13   Amazon's investigation shows Defendants are likely located in China.  *Id.*  China has been a

14   party to the Hague Convention since 1992.  *See* Contracting Parties to Hague Convention,

15   https://www.hcch.net/en/instruments/ conventions/status-table/?cid=17 (last visited May 31,

16   2024).  The Hague Convention expressly "shall not apply where the address of the person to be

17   served with the document is not known."  Hague Convention, T.I.A.S. No. 6638 (Feb. 10, 1969),

18   20 U.S.T. 361, 1969 WL 97765.  Here, because Amazon has been unable to locate a physical

19   address for Defendants, Amazon could not utilize methods authorized by the Hague Convention.

20   Moreover, because the Convention does not apply, it does not bar service by email.

21        Whether or not the Hague Convention applies, this Court and other courts have

22   concluded that email service on individuals located in China is not prohibited by the Hague

23   Convention or by any other international agreement.  *See, e.g., Rubie's Costume Co., Inc. v. Yew*

1    *Hua Hao Toys Co.*, C18-1530-RAJ, 2019 WL 6310564, at *3 (W.D. Wash. Nov. 25, 2019)

2    (email service in China "not expressly prohibited by international agreement"). *See also*

3    *Amazon.com, Inc. v. Dafang HaoJiafu Hotpot Store*, No. C21-0766-RSM, 2021 WL 4307067, at

4    *1-2 (W.D. Wash. Sept. 22, 2021) (stating "courts in this district regularly authorize requests for

5    service by email on foreign defendants in countries that are parties to the Convention" and

6    granting motion for alternative service in China and Hong Kong).

7        Amazon here demonstrates the need for the Court's intervention.  The Court further finds

8    that service by email is not prohibited by international agreement.  Amazon therefore shows that

9    an Order permitting service by email comports with Rule 4(f).

10   B.   <u>Due Process</u>

11        The Court must also determine whether service of process on Defendants through email

12    would comport with due process.  That is, the Court must consider whether this method of

13    service is "reasonably calculated, under all the circumstances," to apprise Defendants of this

14    action and afford them the opportunity to object.  *Mullane*, 339 U.S. at 314.

15        Amazon shows how Defendants are connected to the email addresses through which

16    Amazon now seeks to effectuate service. Dkt. 13, ¶¶3-6.  Amazon also shows that the email

17    addresses remain active, as demonstrated by test emails sent successfully and with no indication

18    of a failure to deliver. *Id*., ¶8. Amazon argues that this showing supports the conclusion that

19    service on Defendants by email is reasonably calculated to provide actual notice.

20        As found by the Ninth Circuit, the decision to allow service by email lies within the

21    district court's discretion where the defendant has "structured its business such that it could be

22    contacted *only* via its email address" and "designated its email address as its preferred contact

23    information." *Rio Props., Inc.*, 284 F.3d at 1018 (emphasis in original).  The situation here is

less clear given the nature of the allegations in this case.  That is, Amazon alleges Defendants obtained fraudulent trademark registrations and conspired in a scheme to abuse Amazon's intellectual-property protection services and used multiple email addresses in the course of that scheme.  Amazon has, however, verified that the email addresses used in the alleged scheme remain active.

This Court has concluded that the due process requirement for alternative service by email is satisfied "when the plaintiff demonstrates that the email addresses at issue are valid and are successfully receiving messages." *Amazon.com Inc. v. KexleWaterFilters*, C22-1120-JLR, 2023 WL 2017002, at *4 (W.D. Wash. Feb. 15, 2023).  The Court has, for example, authorized service by email where plaintiffs identified email addresses defendants used for Amazon selling accounts and verified the addresses remained active, finding sufficient indicia that the defendants were likely to receive notice if served by email and due process concerns satisfied. *See, e.g.*, *Amazon.com, Inc. v. Pengyu Bldg. Materials*, No. C21-0358-JNW-SKV, 2023 WL 4131609, at *3-4 (W.D. Wash. June 22, 2023); *KexleWaterFilters*, 2023 WL 3902694, at *2 (W.D. Wash. May 31, 2023); *Amazon.com Inc. v. Bamb Awns*, No. C22-402-MLP, 2023 WL 2837076, at *3 (W.D. Wash. Apr. 7, 2023).  *Accord Bright Sols. for Dyslexia, Inc. v. Lee*, C15-1618, 2017 WL 10398818, at *7 (N.D. Cal. Dec. 20, 2017) (finding service by email proper "because Defendants structured their counterfeit business such that they could only be contacted by email[,]" the court authorized service by email, and the emails sent did not bounce back as undeliverable), *report and recommendation adopted*, 2018 WL 4927702 (N.D. Cal. Mar. 26, 2018).  In contrast, where plaintiffs did not indicate whether they had attempted to contact any defendants using email addresses associated with Amazon selling accounts, nor represented the defendants had notice of the lawsuit, the Court denied service by email upon finding a failure to demonstrate the email

ORDER GRANTING EX PARTE MOTION FOR
ALTERNATIVE SERVICE - 5

addresses were still valid. *KexleWaterFilters*, 2023 WL 2017002, at *2, 4 (permitting plaintiffs to "renew their motion with evidence of recent communications to Defendants that demonstrates that service by email is a reliable method to provide Defendants with notice of the pendency of [the] action."), *renewed motion granted*, 2023 WL 3902694, at *2. *See also Amazon.com, Inc. v. Tian Ruiping*, No. C21-0159-TL, 2022 WL 486267, at *3-5 (W.D. Wash. Feb. 17, 2022) (denying alternative service by email where plaintiffs had obtained physical addresses for defendants, but did not demonstrate the addresses were incorrect or inadequate for service, did not show any defendant was aware of the pending action, and did not indicate any attempts to contact defendants, including attempted communication via email, through selling accounts, or by any other means).

Amazon here demonstrates it identified Defendants as having taken part in the alleged scheme at issue in their claims, shows the connections between Defendants and the email addresses, including that the addresses were used by Defendants to register with Amazon, a payment service provider, and the United States Patent and Trademark Office, Dkt. 35, ¶¶3-4 & Dkt. 36, ¶6, and demonstrates that the email addresses remain active. Together, these circumstances provide sufficient indicia that Defendants are likely to receive notice if served by email. The Court therefore finds service through email is reasonably calculated to apprise Defendants of this action and provide an opportunity to respond, and thus satisfies concerns of due process.

<u>CONCLUSION</u>

The Court, in sum, GRANTS Amazon's *Ex Parte* Motion for Alternative Service. Dkt. 34. Specifically, the Court authorizes Amazon to serve Defendants at the following email addresses: (1) Defendant Qiang Liu: hjy13327358820@163.com; and qqla778@163.com; (2)

ORDER GRANTING EX PARTE MOTION FOR
ALTERANTIVE SERVICE - 6

Defendant Liao Dengkun:  hengyitm@outlook.com; 1252763389@qq.com; and

xutingservice@yeah.net; and (3) Defendant Yalin Wu: 1252763389@qq.com; and

xutingservice@yeah.net.  Amazon is ORDERED to complete service and file proof of service by

**June 17, 2024**.

      Dated this 3rd day of June, 2024.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER GRANTING EX PARTE MOTION FOR
ALTERANTIVE SERVICE - 7