The Honorable John H. Chun

1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
8                              AT SEATTLE

9

10    AMAZON.COM, INC., a Delaware               No. 2:23-cv-00484-JHC-SKV
      corporation; and AMAZON.COM SERVICES
11    LLC, a Delaware limited liability company,  **PLAINTIFFS' *EX PARTE* MOTION
                                                  FOR DEFAULT JUDGMENT,
12                    Plaintiffs,                 CANCELLATION OF TRADEMARK
                                                  REGISTRATION, AND PERMANENT
13           v.                                   INJUNCTION AGAINST
                                                  DEFENDANTS**
14    QIANG LIU, an individual; YALIN WU, an
      individual; LIAO DENGKUN, an individual;   NOTE ON MOTION CALENDAR:
15    and DOES 1-10,                             AUGUST 15, 2024

16                    Defendants.

17

18

19

20

21

22

23

24

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................1

II.   DEFAULT JUDGMENT SHOULD BE GRANTED ........................................2

    A.    Defendants Are in Default. ....................................................................2

    B.    This Court Has Jurisdiction. ..................................................................3

        1.    Subject Matter Jurisdiction. ......................................................3

        2.    Personal Jurisdiction. ................................................................3

    C.    The FAC Establishes Defendants' Liability. .........................................5

        1.    Amazon Has Proven Its Misrepresentation of Copyright
           Infringement Claim Under 17 U.S.C. § 512(f) (Claim 1). ........................6

        2.    Amazon Has Proven Its Breach of Contract Claim (Claim 2)....................7

        3.    Amazon Has Proven Its Claim for Tortious Interference with
           Contractual Relationship (Claim 3). ...........................................9

        4.    Amazon Has Proven Its Fraud Claim (Claim 4).......................................10

        5.    Amazon Has Proven Its Claim for Violation of the Washington
           Consumer Protection Act, RCW 19.86.010, *et seq*. (Claim 5)..................11

        6.    Amazon Has Proven Its Claims for Cancellation of the Dhuog
           Trademark (Claim 6) and for False or Fraudulent Registration,
           15 U.S.C. § 1120 (Claim 7). ......................................................12

    D.    The *Eitel* Factors Weigh in Favor of Default Judgment.......................16

    E.    The Court Should Award Amazon the Relief Requested in the FAC. ....17

        1.    Amazon Is Entitled to a Permanent Injunction.........................................18

           a.    Amazon Has Suffered Irreparable Injury. ....................................20

           b.    The Injury Cannot Be Compensated Adequately by
              Remedies at Law.......................................................................20

           c.    The Balance of Hardships Favors Amazon. ..................................21

           d.    The Public Interest Is Served by Preventing Defendants from
              Perpetuating Their Fraudulent Activities......................................21

        2.    Amazon Is Entitled to an Order Cancelling the Dhuog Trademark
           Registration Under 15 U.S.C. §§ 1064 and 1119. ....................................22

        3.    Amazon Is Entitled to Its Attorneys' Fees Under the CPA and
           the DMCA. ...............................................................................22

III.  CONCLUSION....................................................................................................24

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - i
(2:23-cv-00484-JHC-SKV)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Amazon.com Inc. v. Zhi,*
  2024 WL 943465 (W.D. Wash. Mar. 4, 2024) ............................................................19, 22

*Amazon.com, Inc. v. White,*
  2022 WL 1641423 (W.D. Wash. May 24, 2022) ..................................................................22

*Amazon.com, Inc. v. Wong,*
  2022 WL 1092518 (W.D. Wash. 2022)................................................................................23

*Automattic Inc. v. Steiner,*
  82 F. Supp. 3d 1011 (N.D. Cal. 2015)....................................................................6, 16, 24

*Aycock Eng'g, Inc. v. Airflite, Inc.,*
  560 F.3d 1350 (Fed. Cir. 2009) .........................................................................................13

*B & B Hardware, Inc. v. Hargis Indus., Inc.,*
  575 U.S. 138 (2015).............................................................................................................12

*BBC Grp. NV LLC v. Island Life Rest. Grp. LLC,*
  2020 WL 758070 (W.D. Wash. Feb. 14, 2020)...................................................................12

*BBK Tobacco & Foods LLP v. Cent. Coast Agric., Inc.,*
  97 F.4th 668 (9th Cir. 2024) ...............................................................................................22

*Bd. of Trs. of Auto. Machinists Pension Tr. v. Ross Island Sand & Gravel Co.,*
  2020 WL 6132203 (W.D. Wash. Oct. 19, 2020) ...................................................................5

*Benson Mills Inc. v. Fortenberry,*
  2024 WL 3253296 (W.D. Wash. July 1, 2024) ................................................19, 20, 21, 22

*Cont'l Airlines, Inc. v. Intra Brokers, Inc.,*
  24 F.3d 1099 (9th Cir. 1994) ..............................................................................................20

*Corcamore, LLC v. SFM, LLC,*
  978 F.3d 1298 (Fed. Cir. 2020) .........................................................................................13

*Criminal Prods., Inc. v. Gunderman,*
  2017 WL 664047 (W.D. Wash. Feb. 17, 2017).............................................................16, 17

*Curtis v. Illumination Arts, Inc.,*
  33 F. Supp. 3d 1200 (W.D. Wash. 2014) ...........................................................................17

*Curtis v. Shinsachi Pharm. Inc.,*
  45 F. Supp. 3d 1190 (C.D. Cal. 2014) .................................................................................7

*Digital Mktg. Advisors v. McCandless Grp., LLC,*
  2022 WL 18216003 (C.D. Cal. Mar. 28, 2022).....................................................................6

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - ii
(2:23-cv-00484-JHC-SKV)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Doe v. Unocal Corp.*,
    248 F.3d 915 (9th Cir. 2001), *overruled on other grounds as discussed in*
    *Williams v. Yamaha Motor Co.*, 851 F.3d 1015 (9th Cir. 2017) ...............................................4

*eBay Inc. v. MercExchange, LLC*,
    547 U.S. 388 (2006).......................................................................................................19, 22

*eBay, Inc. v. Bidder's Edge, Inc.*,
    100 F. Supp. 2d 1058 (N.D. Cal. 2000) ..............................................................................20

*Eitel v. McCool*,
    782 F.2d 1470 (9th Cir. 1986) .......................................................................................16, 17

*Friends of the Earth, Inc., v. Laidlaw Env. Services (TOC), Inc.*,
    528 U.S. 167 (2000)...............................................................................................................21

*Geddes v. United Fin. Grp.*,
    559 F.2d 557 (9th Cir. 1977) .................................................................................................5

*Int'l Shoe Co. v. Wash.*,
    326 U.S. 310 (1945).................................................................................................................4

*IP Innovation, L.L.C. v. RealNetworks, Inc.*,
    310 F. Supp. 2d 1209 (W.D. Wash. 2004) .............................................................................4

*Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*,
    548 F. Supp. 2d 811 (N.D. Cal. 2008) ................................................................................13

*Lions Gate Films Inc. v. Saleh*,
    2016 WL 6822748 (C.D. Cal. Mar. 24, 2016)................................................................16, 17

*Microsoft Corp. v. Ricketts*,
    2007 WL 1520965 (N.D. Cal. May 24, 2007) .....................................................................16

*Monster Energy Co. v. Vital Pharms., Inc.*,
    2023 WL 2918724 (C.D. Cal. Apr. 12, 2023) .....................................................................19

*Online Pol'y Grp. v. Diebold, Inc.*,
    337 F. Supp. 2d 1195 (N.D. Cal. 2004) .............................................................................6, 7

*PepsiCo, Inc. v. Cal. Sec. Cans*,
    238 F. Supp. 2d 1172 (C.D. Cal. 2002) ........................................................................17, 21

*Regal Knitwear Co. v. N.L.R.B.*,
    324 U.S. 9 (1945)...................................................................................................................19

*Reno Air Racing Ass'n. v. McCard*,
    452 F.3d 1126 (W.D. Wash. July 7, 2006) ...........................................................................19

*Rinky Dink Inc. v. Elec. Merch. Sys. Inc.*,
    2014 WL 5880170 (W.D. Wash. Sept. 30, 2014) ..................................................................4

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - iii
(2:23-cv-00484-JHC-SKV)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Robi v. Five Platters, Inc.*,
   918 F.2d 1439 (9th Cir. 1990) ..................................................................13

*Rossi v. Motion Picture Ass'n of Am., Inc.*,
   391 F.3d 1000 (9th Cir. 2004) .................................................................6

*Rutherford v. Quan*,
   2020 WL 3977776 (C.D. Cal. May 11, 2020) ........................................17

*Safeworks, LLC v. Teupen Am., LLC*,
   717 F. Supp. 2d 1181 (W.D. Wash. June 1, 2010) .................................19

*Sarieddine v. Alien Visions E-Juice, Inc.*,
   2019 WL 1966661 (C.D. Cal. Apr. 12, 2019) .......................................13

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ...............................................................4, 5

*Sher v. Johnson*,
   911 F.2d 1357 (9th Cir. 1990) ................................................................4

*Studio 010 Inc. v. Digital Cashflow LLC*,
   2023 WL 6793974 (W.D. Wash. Oct. 13, 2023) ................................9, 10

*T-Mobile USA, Inc. v. Terry*,
   862 F. Supp. 2d 1121 (W.D. Wash. April 23, 2012) ..............................21

*TeleVideo Sys., Inc. v. Heidenthal*,
   826 F.2d 915 (9th Cir. 1987) ...................................................................5

*In re Tuli*,
   172 F.3d 707 (9th Cir. 1999) ...................................................................3

*Tuteur v. Crosley-Corcoran*,
   961 F. Supp. 2d 333 (D. Mass. 2013) .....................................................5

*United States v. Vazquez*,
   2018 WL 4940827 (C.D. Cal. Sept. 17, 2018) ......................................17

*Virgin Recs. Am., Inc. v. Cantos*,
   2008 WL 2326306 (S.D. Cal. June 3, 2008) ..........................................21

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
   433 F.3d 1199 (9th Cir. 2006) ............................................................4, 5

**State Cases**

*Baker Boyer National Bank v. Foust*,
   436 P.3d 382 (2018) ..............................................................................10

*Glacier Nw., Inc. v. Int'l Bhd. of Teamsters Loc. Union No. 174*,
   198 Wash. 2d 768, 500 P.3d 119 (2021), *rev'd and remanded on other grounds*,
   598 U.S. 771 ...........................................................................................9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Lehrer v. State, Dep't of Soc. & Health Servs.*,
  101 Wn. App. 509 (2000) ........................................................................7

*Miller v. Kenny*,
  180 Wn. App. 772 (2014) ......................................................................23

*Panag v. Farmers Ins. Co. of Washington*,
  166 Wash. 2d 27 (2009) ........................................................................22

*Tacoma Auto Mall, Inc. v. Nissan North America, Inc.*,
  279 P.3d 487 (Wash. Ct. App. 2012) ....................................................9

*Thorley v. Nowlin*,
  542 P.3d 137 (Wash. Ct. App. 2024) ..................................................10

*Univ. of Wash. v. Gov't Emps. Ins. Co.*,
  200 Wn. App. 455 (2017) ......................................................................23

*Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*,
  122 Wash. 2d 299 (1993) ......................................................................22

**Federal Statutes**

15 U.S.C.
  § 1051(a) ..............................................................................................13
  § 1064 ..............................................................................................12, 22
  § 1119 ..............................................................................................12, 22
  § 1120 ..........................................................................................12, 13, 15
  § 1121 ....................................................................................................3

17 U.S.C.
  § 512 (Digital Millennium Copyright Act)..................................*passim*

28 U.S.C.
  § 1331 ......................................................................................................3
  § 1332 ......................................................................................................3
  § 1338(a) ................................................................................................3
  § 1367 ......................................................................................................3

Lanham Act § 1(a) ......................................................................................13

**State Statutes**

RCW
  4.28.180 ..................................................................................................4
  4.84.010 ................................................................................................23
  19.86.010, *et seq*. (Washington Consumer Protection Act) ............*passim*
  19.86.020 ..............................................................................................12
  19.86.090 ..................................................................................2, 16, 23

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1

**Rules**

2

Federal Rule of Civil Procedure
    12 ..............................................................................................................3
    55(b)...........................................................................................................3
    55(b)(2).......................................................................................................2
    65(d)(2)................................................................................................18, 19

Local Civil Rule 55(b) ..................................................................................3

3

4

5

6

**Other Authorities**

7

Restatement (Second) of Torts § 766A ........................................................9

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I.     INTRODUCTION

Plaintiff Amazon.com Services LLC owns and operates the Amazon.com store (the "Amazon Store"), and affiliates of Plaintiff Amazon.com, Inc. (together with Amazon.com Services LLC, "Amazon") own and operate equivalent counterpart international stores. Amazon's stores offer products and services to customers in more than 100 countries around the globe. Some of the products are sold directly by Amazon entities, while others are sold by Amazon's numerous third-party selling partners. The Amazon brand is one of the most well-recognized, valuable, and trusted brands in the world. To protect its customers and safeguard its reputation for trustworthiness, Amazon has invested heavily, both in terms of time and resources, to prevent fraud and abuse in the Amazon Store and to ensure the quality and authenticity of the products available in the Amazon Store.

As part of this mission, and consistent with the notice-and-takedown procedure set forth in the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, Amazon has developed a suite of intellectual property-protection mechanisms for rightsholders to submit requests for removal of content that they believe violates their intellectual property rights. One of Amazon's intellectual property-protection services is Amazon Brand Registry, which provides brands that enroll with access to advanced capabilities to find and report infringement violations in the Amazon Store. Amazon also invests heavily to protect its third-party selling partners and to ensure that Amazon's intellectual property-protection measures are not abused by bad actors, so that listings of non-infringing products remain active and available for purchase by Amazon customers.

Defendants Qiang Liu ("Liu"), Yalin Wu ("Wu"), and Liao Dengkun ("Dengkun") improperly gained access to Amazon Brand Registry. In order to create an Amazon Brand Registry account, Amazon requires that an applicant have either registered a trademark or applied for a trademark with an eligible government trademark office, such as the United States Patent and Trademark Office ("USPTO"). Defendants procured a fraudulent U.S. trademark

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 1
(2:23-cv-00484-JHC-SKV)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

registration in a mark for which they had no rights,[1] and they used that registration to open an

Amazon Brand Registry account.[2] Defendants then abused Amazon's Brand Registry program

by issuing false copyright and trademark infringement notices to remove content from product

listings in the Amazon Store, despite lacking any rights to that content. Amazon brought this

action in order to prevent further harm from Defendants' willful acts of deception and to hold

Defendants accountable.

Defendants are in default, Dkt. 42, and the prerequisites for default judgment have been

met. Fed. R. Civ. P. 55(b)(2); LCR 55(b). Amazon is entitled to entry of an order cancelling the

Dhuog Trademark and a permanent injunction to prevent further harm to Amazon and its

customers, and an award of Amazon's reasonable attorneys' fees incurred in prosecuting this

action under the Washington Consumer Protection Act, RCW 19.86.090, and the DMCA, 17

U.S.C. § 512(f).[3]

## II.    DEFAULT JUDGMENT SHOULD BE GRANTED

### A.    Defendants Are in Default.

Amazon initiated this action on March 30, 2023. Dkt. 1. Amazon conducted expedited

discovery that identified Defendants Liu, Wu, and Dengkun as the individuals responsible for the

Brand Registry Account that Defendants used to submit fraudulent notices of infringement in the

Amazon Store. *See* Order Granting Plaintiffs' *Ex Parte* Motion for Expedited Discovery, Dkt.

18; Declaration of Scott Commerson ("Commerson Decl.") ¶¶ 3-5. Accordingly, on May 15,

2024, Amazon filed a First Amended Complaint ("FAC") naming Defendants Liu, Wu, and

Dengkun. *See* FAC (Dkt. 28); Commerson Decl. ¶ 6. Amazon also asserted claims against

Defendants related to the fraudulently obtained Dhuog Trademark. *Id.* In accordance with the

Court's order granting Amazon's motion for alternative service (Dkt. 37), Amazon successfully

---

[1] The registered trademark for the word mark "Dhuog" (USPTO Reg. No. 6,334,242, the "Dhuog Trademark").

[2] The account bore the number 1270317, and the Dhuog Trademark was added to it on or about August 4, 2021 (the "Brand Registry Account").

[3] While Plaintiffs have incurred harm entitling them to actual damages as a consequence of Defendants' unlawful acts, Plaintiffs have elected not to seek actual damages in this case.

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 2
(2:23-cv-00484-JHC-SKV)

served Defendants with the FAC and Summonses via email on June 4, 2024. Dkt. 38-40.

Defendants have not appeared personally or through counsel, have not filed or served an answer

during the time provided in Rule 12 of the Federal Rules of Civil Procedure, and have not

otherwise indicated their intent to participate in this litigation. Dkt. 41; Commerson Decl. ¶ 19.

Accordingly, on July 30, 2024, the Clerk entered an order of default against Defendants. Dkt. 42.

Amazon now moves for default judgment under Federal Rule of Civil Procedure 55(b) and Local

Civil Rule 55(b).

**B.    This Court Has Jurisdiction.**

In considering entry of default judgment, the Court must examine its jurisdiction over the

subject matter and parties. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

**1.    Subject Matter Jurisdiction.**

The Court has subject matter jurisdiction over Amazon's claim under Title II of the

DMCA, 17 U.S.C. § 512 (First Claim), pursuant to 28 U.S.C. §§ 1331 and 1338(a). The Court

has subject matter jurisdiction over Amazon's claims for breach of contract, tortious interference

with contractual relationship, fraud, and violation of Washington Consumer Protection Act

(Second through Fifth Claims), pursuant to 28 U.S.C. §§ 1332 and 1367. The Court has subject

matter jurisdiction over Amazon's Lanham Act claims for cancellation (Sixth Claim) and civil

liability for false or fraudulent registration (Seventh Claim), pursuant to 15 U.S.C. § 1121 and 28

U.S.C. §§ 1331 and 1338(a).

**2.    Personal Jurisdiction.**

The Court has personal jurisdiction over Defendants because Defendants purposefully

directed their unlawful activities toward Washington, and Amazon's claims arise from those

activities. FAC ¶ 15. Specifically, Defendants affirmatively sought and used the services of

Amazon, a corporation with its principal place of business in Washington, through Amazon's

Brand Registry program. Defendants specifically targeted the Amazon Store by registering a

fraudulent trademark in order to gain access to the Brand Registry program as well as by

submitting false information and fraudulent notices and takedowns to Amazon through their

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 3
(2:23-cv-00484-JHC-SKV)

Amazon Brand Registry Account. Defendants committed tortious acts directed to Amazon in Washington and wrongfully caused Amazon injury in Washington.

Washington's long-arm statute is coextensive with federal due process. RCW 4.28.180; *IP Innovation, L.L.C. v. RealNetworks, Inc.*, 310 F. Supp. 2d 1209, 1212 (W.D. Wash. 2004). Therefore, to exercise personal jurisdiction over a nonresident defendant, a defendant need only have "certain minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted). This means a "defendant's conduct and connection with the forum State must be such that the defendant should reasonably anticipate being haled into court there." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (internal quotation marks and citation omitted).

Here, this Court has specific jurisdiction over Defendants because their "'contacts with the forum give rise to the cause of action before the court.'" *Rinky Dink Inc. v. Elec. Merch. Sys. Inc.*, 2014 WL 5880170, at *2 (W.D. Wash. Sept. 30, 2014) (Coughenour, J.) (quoting *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001), *overruled on other grounds as discussed in Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1024 (9th Cir. 2017)). The Ninth Circuit evaluates specific jurisdiction using a three-part test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (internal quotation marks and citation omitted). The purposeful availment prong requires a showing that "'defendant allegedly […] (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Yahoo! Inc. v.*

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 4
(2:23-cv-00484-JHC-SKV)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (alteration in original) (quoting *Schwarzenegger*, 374 F.3d at 803).

These jurisdictional requirements are satisfied. Defendants obtained a fraudulent trademark registration in order to gain access to Amazon's intellectual property protection services, and then abused Amazon's notice-and-takedown procedures to fraudulently remove content and product listings in the Amazon Store in violation of Amazon's rights and policies. *See* FAC ¶¶ 38-73. Defendants' acts were aimed at Washington because Defendants entered into an ongoing contractual relationship with a Washington company, Amazon, and then violated that contractual relationship by manipulating the intellectual property protection services in the Amazon Store. *Id.* Pursuant to their contracts with Amazon, Defendants' fraudulent conduct flowed through Washington. These acts in Washington caused harm to Amazon and its customers, its selling partners, and to the public. *See Yahoo! Inc.*, 433 F.3d at 1206-07; *Tuteur v. Crosley-Corcoran*, 961 F. Supp. 2d 333, 340 (D. Mass. 2013) (defendant's submission of wrongful takedown request to Massachusetts resident subjected defendant to personal jurisdiction in Massachusetts for a claim arising under 17 U.S.C. § 512(f)). Amazon's claims arise out of these activities, and there is nothing unreasonable about exercising jurisdiction here.

### C.     The FAC Establishes Defendants' Liability.

On a motion for default judgment, the Court must accept the factual allegations in the operative complaint as true, with the exception that facts related to the amount of damages must be proven. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam) (same); *accord Bd. of Trs. of Auto. Machinists Pension Tr. v. Ross Island Sand & Gravel Co.*, 2020 WL 6132203, at *1 (W.D. Wash. Oct. 19, 2020) (Martinez, J.). The factual allegations in the FAC establish that Defendants are liable on all claims.

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 5
(2:23-cv-00484-JHC-SKV)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1

2

       **1.**       **Amazon Has Proven Its Misrepresentation of Copyright Infringement Claim Under 17 U.S.C. § 512(f) (Claim 1).**

3

       To state a claim under 17 U.S.C. § 512(f), a plaintiff must allege facts to show that (1) the

4

defendant knowingly and materially misrepresented that copyright infringement occurred; (2) the

5

plaintiff relied on that misrepresentation; and (3) the plaintiff was injured as a result of the

6

misrepresentation. *Digital Mktg. Advisors v. McCandless Grp., LLC*, WL 18216003, at *2 (C.D.

7

Cal. Mar. 28, 2022); *see Rossi v. Motion Picture Ass'n of Am., Inc.*, 391 F.3d 1000, 1003 (9th

8

Cir. 2004). "[K]nowingly means that a party actually knew, should have known if it acted with

9

reasonable care or diligence, or would have had no substantial doubt had it been acting in good

10

faith, that it was making misrepresentations." *Automattic Inc. v. Steiner*, 82 F. Supp. 3d 1011,

11

1026 (N.D. Cal. 2015) (quoting *Online Pol'y Grp. v. Diebold, Inc.*, 337 F. Supp. 2d 1195, 1204

12

(N.D. Cal. 2004)). A person who violates Section 512(f) "shall be liable for any damages,

13

including costs and attorneys' fees, incurred by . . . a service provider, who is injured by such

14

misrepresentation . . . ." 17 U.S.C. § 512(f).

15

       As alleged by Amazon and admitted by default, Amazon has proven this claim based on

16

the following facts. First, from September 3, 2021, through October 15, 2021, Defendants used

17

the "Report a Violation" tool in their Brand Registry Account to launch a broad campaign of at

18

least 202 takedown requests to Amazon alleging that specified product listings infringed

19

Defendants' purported copyrighted images. FAC ¶ 62; Declaration of Ong Qiu Yi ("Ong Decl.")

20

¶ 6. Each time Defendants made a takedown request, they declared they had a good faith belief

21

that the content violated their valid copyright rights and that the use of such content was contrary

22

to law. FAC ¶¶ 63, 76. The facts demonstrate that Defendants knowingly submitted false

23

takedown requests. Specifically, Defendants copied and pasted images from existing Amazon

24

product listings of others, placed them on fake websites with disposable domain names, and then

25

falsely submitted the purported copyrighted works as their own. *Id.* ¶ 66. Defendants knew that

26

the notifications were false because they were not the owner or agent of the owner of the rights

27

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 6
(2:23-cv-00484-JHC-SKV)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

described in their submitted reports, and because the content they identified was not infringing on any copyright they owned. *Id.* ¶¶ 64, 77; Ong Decl. ¶¶ 6-7.

Second, in reliance on Defendants' fraudulent submissions, Amazon expeditiously acted and temporarily removed content from product listings that Defendants identified in their complaints. FAC ¶¶ 65, 78-79; Ong Decl. ¶¶ 7-8.

Third, as a result of Defendants' false takedown requests, Amazon suffered economic and reputational harm and expended significant resources to investigate and address Defendants' wrongdoing. FAC ¶¶ 6, 35, 80; Ong Decl. ¶¶ 8-11.

In summary, Amazon has established that Defendants knowingly and materially misrepresented that copyright infringement occurred, Amazon relied on that misrepresentation, and Amazon was injured as a result. Therefore, Amazon is entitled to judgment on its § 512(f) claim. *See*, *e.g.*, *Automattic Inc.*, 82 F. Supp. 3d at 1026 (entering default judgment on a § 512(f) claim based on allegations that defendant knowingly misrepresented his copyright infringement claim because he could not have reasonably believed that a press release sent to a purported infringer was protected under copyright); *Curtis v. Shinsachi Pharm. Inc.*, 45 F. Supp. 3d 1190, 1199 (C.D. Cal. 2014) (entering default judgment on a §512(f) claim where plaintiff alleged that defendant knowingly submitted takedown notices that did not include any copyrighted material used by the alleged infringer); *Online Pol'y Grp.*, 337 F. Supp. 2d at 1204 (finding defendant violated § 512(f) when he knowingly materially misrepresented a copyright interest when submitting a false notice-and-takedown claim).

### 2.    Amazon Has Proven Its Breach of Contract Claim (Claim 2).

To prevail on its claim for breach of contract, Amazon must show (1) a valid contract existed between the parties, (2) the contract was breached, and (3) resulting damages. *Lehrer v. State, Dep't of Soc. & Health Servs.*, 101 Wn. App. 509, 516 (2000).

Here, Amazon has proven breach of contract. As alleged by Amazon and admitted by default, Defendants entered into valid and enforceable agreements with Amazon when they enrolled in Amazon Brand Registry and submitted takedown notifications through Amazon's

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 7
(2:23-cv-00484-JHC-SKV)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

"Report a Violation" tool. FAC ¶ 82. Specifically, when Defendants applied to Amazon Brand Registry, they agreed to provide accurate and truthful information to Amazon in exchange for the benefit of access and use of the Brand Registry services and tools. *Id.* ¶ 83. Amazon requires that Amazon have a government trademark application or registration in order to access Brand Registry, and Defendants used the Dhuog Trademark to create their Brand Registry Account and thereby access Brand Registry. *Id.* ¶ 84; Ong Decl. ¶ 4. In doing so, Defendants represented that the Dhuog Trademark was valid and that they had rights to that mark, which representations were neither true nor accurate. FAC ¶ 84. The "Report a Violation" tool's mandatory consent form is a valid and enforceable contract that imposed a duty on all users submitting a takedown notice: (1) to represent a good faith basis for the notice; and (2) to declare under penalty of perjury that the information provided was correct and accurate, and that the user was the owner or agent of the rights described therein. *Id.* ¶ 85; FAC, Ex. A. Each time Defendants submitted takedown notifications to Amazon through the "Report a Violation" tool, Defendants represented that they had "a good faith belief that the content(s) described above violate(d) [their] rights described above or those held by the rights owner"; and Defendants declared, under penalty of perjury, "that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above." *Id.* ¶ 86.

Defendants breached their contractual obligations to Amazon under the Brand Registry Terms of Use, as well as the terms for using Brand Registry's "Report a Violation" tool, by claiming ownership of a fraudulently-obtained trademark in order to gain access to Brand Registry; by submitting takedown notifications regarding alleged infringement of the Dhuog Trademark using Brand Registry's "Report a Violation" tool without a good faith basis; by knowingly submitting false information using the "Report a Violation" tool; and by falsely declaring under penalty of perjury that the content violated their trademark rights. FAC ¶ 88. In fact, the Dhuog Trademark was obtained with a fake specimen of use and was filed by Defendant Dengkun or his agent by impersonating a U.S.-based attorney. FAC ¶¶ 38-55; *see infra*.

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 8
(2:23-cv-00484-JHC-SKV)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

As a result of Defendants' breach of their contracts with Amazon, Amazon suffered economic harm. *Id.* ¶ 89; Ong Decl. ¶¶ 7-11. Amazon is entitled to an entry of judgment on this claim.

### 3. Amazon Has Proven Its Claim for Tortious Interference with Contractual Relationship (Claim 3).

A claim for tortious interference with a contractual relationship requires five elements: (1) the existence of a valid contractual relationship or business expectancy; (2) that defendants had knowledge of that relationship; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) that defendants interfered for an improper purpose or used improper means; and (5) resultant damage. *Studio 010 Inc. v. Digital Cashflow LLC*, 2023 WL 6793974, at *7 (W.D. Wash. Oct. 13, 2023) (citing *Tacoma Auto Mall, Inc. v. Nissan North America, Inc.*, 279 P.3d 487, 498 (Wash. Ct. App. 2012)).

As alleged by Amazon and admitted by default, Amazon and third-party sellers who sell products in the Amazon Store have valid contractual relationships under the Amazon Services Business Solutions Agreement. FAC ¶ 91. Defendants had knowledge of the valid contractual relationships between Amazon and sellers in the Amazon Store. *Id.* ¶ 92. Defendants knowingly and intentionally submitted to Amazon false takedown notices regarding alleged infringement of the Dhuog Trademark for an improper purpose, which interfered with Amazon's legitimate business relationships with its selling partners. *Id.* ¶ 93; Ong Decl. ¶ 6. Defendants' submission of the false trademark takedown notices caused Amazon to investigate Defendants' claims and remove certain listings of sellers in the Amazon Store. FAC ¶ 94; Ong Decl. ¶¶ 7-11. Those actions interfered with the business relationship and expectancy between Amazon and third-party sellers using those product listings and made performance of the contract more expensive and burdensome. FAC ¶ 94; *see Glacier Nw., Inc. v. Int'l Bhd. of Teamsters Loc. Union No. 174*, 198 Wash. 2d 768, 802, 500 P.3d 119, 137 (2021), *rev'd and remanded on other grounds*, 598 U.S. 771 ("Washington has recognized that an interference resulting in a more expensive or burdensome performance of a contract may form the basis of an intentional interference claim")

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 9
(2:23-cv-00484-JHC-SKV)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

(citing *Restatement (Second) of Torts § 766A*). As a result of Defendants' intentional interference with Amazon's legitimate business interests, Amazon suffered economic harm, including costs relating to investigation, remediation, and restoring listings. FAC ¶ 95; Ong Decl. ¶¶ 8-11.

Therefore, Amazon has established all of the elements of an interference claim and is entitled to judgment on this claim. *See Studio 010*, 2023 WL 6793974, at *7.

### 4.    Amazon Has Proven Its Fraud Claim (Claim 4).

To prevail on a fraud claim, Amazon must prove nine elements: (1) a representation of existing fact (2) that is material (3) and false, (4) the speaker knows of its falsity, (5) intent to induce another to act, (6) ignorance of its falsity by the listener, (7) the latter's reliance on the truth of the representation, (8) his or her right to rely on it, and (9) consequent damages. *Thorley v. Nowlin*, 542 P.3d 137, 159 (Wash. Ct. App. 2024) (citing *Baker Boyer National Bank v. Foust*, 436 P.3d 382, 386 n.4 (2018)).

As alleged by Amazon and admitted by default, Defendants knowingly misrepresented material facts regarding their rights to the Dhuog Trademark in order to induce Amazon to permit Defendants to open and operate a Brand Registry account. FAC ¶ 97. Defendants knew that they had obtained the Dhuog Trademark through fraud, that the mark was invalid, and that they did not have any rights to the mark. *Id.* ¶ 98. Nonetheless, by using the Dhuog Trademark to access Brand Registry, Defendants represented to Amazon that they owned the mark and that it was valid. *Id.* Amazon relied on Defendants' representations regarding the validity, and their ownership, of the Dhuog Trademark, as shown in the USPTO's public records regarding the mark. *Id.* ¶ 99. Defendants knowingly misrepresented information concerning the alleged infringement of the Dhuog Trademark in order to induce Amazon to investigate their requests and take down content and product listings in the Amazon Store. *Id.* ¶ 100. Defendants knew their representations were false at the time they submitted the fraudulent trademark takedown notifications using the "Report a Violation" tool through Amazon Brand Registry. *Id.* ¶ 101. Specifically, Defendants alleged that the listings violated their alleged trademark rights when

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 10
(2:23-cv-00484-JHC-SKV)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

they knew such statements to be false. *Id.* ¶ 102. Facts demonstrating falsity and Defendants'
scienter include the following: (1) none of the listings that Defendants claimed infringed the
Dhuog Trademark included the mark on the product or the product listing page (Ong Decl. ¶ 6);
(2) Defendants' application to register the Dhuog Trademark falsely bore the signature of the
attorney, Jeffrey Firestone, whose name and credentials have been abused by bad actors to file
thousands of false and fraudulent trademark applications, including after Mr. Firestone passed
away in July 2021; and (3) the specimen showing use in commerce of the Dhuog Trademark was
fabricated to circumvent the USPTO's rules, displayed sales from a website that appeared to
have been created solely to fabricating specimens for trademark applications, and displayed a
product taken from another merchant's website. FAC ¶¶ 44-50.

Amazon did not know of the falsity of the misrepresentations and reasonably relied on
Defendants' false representations to its detriment. *Id.* Amazon had a right to rely on Defendants'
representations in the submission of the trademark takedown notifications, especially given the
"Report a Violation" tool's consent form requiring such representations to be true under penalty
of perjury. *Id.* ¶ 103. At the time they submitted the fraudulent trademark takedown notifications
to Amazon, Defendants could not have reasonably believed they held any intellectual property
interest in the listings they flagged as infringing, yet Defendants still raised these false claims
with the intent to induce Amazon's reliance and to have Amazon act upon them. *Id.* As a result
of its reliance on Defendants' intentional misrepresentations, Amazon suffered economic harm.
*Id.* ¶ 104; Ong Decl. ¶¶ 8-9.

Amazon has established all of the elements of this claim and is entitled to judgment on
this claim against Defendants.

**5.    Amazon Has Proven Its Claim for Violation of the Washington
Consumer Protection Act, RCW 19.86.010, *et seq*. (Claim 5).**

To prevail on its claim for violation of the Washington Consumer Protection Act
("CPA"), Amazon must show "(1) an unfair or deceptive act or practice; (2) occurring in the
conduct of trade or commerce; (3) affecting the public interest; (4) injuring [its] business or

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 11
(2:23-cv-00484-JHC-SKV)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

property; and (5) a causal link between the unfair or deceptive act and the injury suffered." *BBC Grp. NV LLC v. Island Life Rest. Grp. LLC*, 2020 WL 758070, at *2 (W.D. Wash. Feb. 14, 2020) (Martinez, J.); RCW 19.86.010, *et seq*.

As alleged by Amazon and admitted by default, Defendants' filing of fraudulent trademark takedown notifications constitutes deceptive acts or practices in the conduct of trade or commerce, in violation of RCW 19.86.020. FAC ¶ 106. Defendants' filing of fraudulent trademark takedown notifications harms the public interest by using false claims of infringement to undermine the public's ability to buy and sell products in the Amazon Store. *Id.* ¶ 107. Defendants' fraudulent trademark takedown notifications also harmed Amazon's reputation and goodwill with customers, and caused Amazon to incur costs to investigate and remediate the wrongdoing. *Id.* ¶ 108; Ong Decl. ¶¶ 8-9.

As such, Amazon has established all of the elements of this claim and therefore is entitled to judgment on this claim.

6.     **Amazon Has Proven Its Claims for Cancellation of the Dhuog Trademark (Claim 6) and for False or Fraudulent Registration, 15 U.S.C. § 1120 (Claim 7).[4]**

A registered trademark may be canceled by a district court at any time if the registered mark was obtained fraudulently. 15 U.S.C. §§ 1064, 1119.[5] When a party asserts a claim for fraud on the USPTO, it must prove "a false representation regarding a material fact, the registrant's knowledge or belief that the representation is false, the intent to induce reliance upon the misrepresentation and reasonable reliance thereon, and damages proximately resulting from the reliance." *Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 548 F. Supp. 2d 811, 813

---

[4] Claim 6 applies only to Defendant Wu as the current owner of the Dhuog Trademark, and Claim 7 is directed only against Defendant Dengkun as the original applicant and registrant of the Dhuog Trademark (before it was assigned to Defendant Wu).

[5] District courts have the power to cancel trademark registrations under 15 U.S.C. § 1119, which states: "In any action involving a registered mark the court may determine the right to registration, order the cancellation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action. Decrees and orders shall be certified by the court to the Director, who shall make appropriate entry upon the records of the Patent and Trademark Office, and shall be controlled thereby." *See also B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 155 (2015) ("district courts can cancel registrations during infringement litigation…").

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 12
(2:23-cv-00484-JHC-SKV)

(N.D. Cal. 2008) (quoting *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1444 (9th Cir. 1990)). In addition, a lack of use of a mark at the time an application is filed is also a ground for cancellation, and a registration of a mark that does not meet the trademark use requirement is void ab initio. *Sarieddine v. Alien Visions E-Juice, Inc.*, 2019 WL 1966661, at *8 (C.D. Cal. Apr. 12, 2019) (citing *Aycock Eng'g, Inc. v. Airflite, Inc.*, 560 F.3d 1350, 1357 (Fed. Cir. 2009)). Moreover, "[a]ny person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof." 15 U.S.C.A. § 1120.

As alleged by Amazon and admitted by default, Defendants used the Dhuog Trademark to gain access to the Amazon Brand Registry and submit fraudulent notices of infringement to Amazon. FAC ¶ 111. Amazon has a real interest in seeking cancellation of the Dhuog Trademark and the entitlement to a statutory cause of action to bring this action because Defendants used the Dhuog Trademark to open an Amazon Brand Registry account and then subsequently remove listings from the Amazon Store based on false reports that the listings violated the Dhuog Trademark, causing harm to Amazon. Ong Decl. ¶¶ 4-6; *see Corcamore, LLC v. SFM, LLC*, 978 F.3d 1298, 1305 (Fed. Cir. 2020) (standing to cancel a trademark requires a "commercial interest" in cancelling the registration and a direct connection between the plaintiff's belief of damage and the challenged registration).

Defendant Wu is the current owner of the Dhuog Trademark according to the USPTO records; the mark had been assigned to him by Defendant Dengkun. FAC ¶¶ 112; 119. On September 1, 2020, Defendant Dengkun filed the application to register the Dhuog Trademark, claiming that the mark was in use in commerce under Section 1(a) of the Lanham Act, 15 U.S.C. § 1051(a), in connection with the goods listed in the application, and submitted a specimen purporting to show such use. *Id.* ¶ 113. The application to register the Dhuog Trademark was filed and signed under the name Jeffrey S. Firestone as attorney of record. *Id.* ¶ 114. Mr. Firestone also purportedly signed the declaration as part of that application attesting that:

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 13
(2:23-cv-00484-JHC-SKV)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

(1) "The mark is in use in commerce and was in use in commerce as of the filing date of the application on or in connection with the goods/services in the application;" and (2) "the specimen(s) shows the mark as used on or in connection with the goods/services in the application and was used on or in connection with the goods/services in the application as of the application filing date." *Id.*

The application to register the Dhuog Trademark contained false statements. *Id.* ¶ 115. The application was not filed by Mr. Firestone, but was instead filed by a non-attorney using Mr. Firestone's name and credentials, either Defendant Dengkun or Dengkun's agent. *Id.* The statements that the mark was in use in commerce as of the filing date of the application and that the specimen showed such use was also false, as the specimen was fabricated by Defendant Dengkun and/or his agent. *Id.*

Defendant Dengkun and/or his agent knew these statements were false, as they were aware that Mr. Firestone had not prepared the application, and that the specimen was fabricated because they had created it for the purpose of the filing. *Id.* ¶ 116. As discussed above, the facts supporting falsity and scienter include (1) Defendants' application to register the Dhuog Trademark falsely bore the signature of the attorney, Jeffrey Firestone, whose name and credentials have been abused by bad actors to file thousands of false and fraudulent trademark applications, including after Mr. Firestone passed away in July 2021; and (2) the specimen showing use in commerce of the Dhuog Trademark was fabricated to circumvent the USPTO's rules, as it displayed sales from a website that appears to have been created solely for fabricating specimens for trademark applications, and displayed a product taken from another merchant's website. FAC ¶¶ 44-50.

Defendant Dengkun and/or his agent made these false representations to deceive the USPTO into accepting the application and issuing the registration for the Dhuog Trademark. *Id.* ¶ 117. But for these false statements, the USPTO would not have issued the registration for the Dhuog Trademark. *Id.* ¶ 118. However, in reliance on these false statements, the USPTO issued the registration for the Dhuog Trademark on April 27, 2021. *Id.* Defendant Dengkun assigned the

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 14
(2:23-cv-00484-JHC-SKV)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Dhuog Trademark to Defendant Wu in September 2021. *Id.* ¶ 119.

Amazon has been and will continue to be harmed by the Dhuog Trademark registration because Defendants have used the Dhuog Trademark to open the Brand Registry account and issue false trademark takedowns to Amazon, and could continue to use the registration to assert takedowns in the Amazon Store. *Id.* ¶ 120. Defendant Dengkun's fraudulent procurement of the Dhuog Trademark is grounds for cancellation of the registration in its entirety. *Id.* ¶ 121. As a separate and additional basis for cancellation, because Defendant Dengkun was not using the Dhuog Trademark in connection with any of the goods identified in the Dhuog Trademark application as of the date the application was filed, the Dhuog Trademark registration is void ab initio. *Id.* ¶ 122.

With regard to civil liability under 15 U.S.C. § 1120, in order to gain access to the Amazon Brand Registry, Amazon requires that an applicant have either registered a trademark or applied for a trademark with an eligible government trademark office, such as the USPTO. FAC ¶ 126. Defendant Dengkun obtained a registration for the Dhuog Trademark on April 27, 2021. *Id.* Defendants used the Dhuog Trademark registration to open the Brand Registry Account on August 4, 2021. *Id.* Had Amazon been aware that Defendant Dengkun made false statements in order to obtain a registration with the USPTO, Amazon would not have granted Defendants access to the Brand Registry program. *Id.* As discussed above, Amazon was further harmed by Defendants' fraudulent registration of the Dhuog Trademark because Defendants used it to issue false trademark takedown notices in the Amazon Store. *Id.* ¶ 127. Defendant Dengkun is liable to Amazon for the injuries Amazon has suffered as a result of Dengkun's fraudulent registration of the Dhuog Trademark. *Id.* ¶ 128.

Therefore, Amazon has established all of the elements of its claim for cancellation of the Dhuog Trademark and its claims for civil liability for false or fraudulent registration of a trademark.

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 15
(2:23-cv-00484-JHC-SKV)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**D.    The *Eitel* Factors Weigh in Favor of Default Judgment.**

To determine if default judgment is appropriate, courts apply the *Eitel* factors; namely, "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Here, as to the first factor, without entry of default judgment, Amazon is prejudiced in that it will have no remedy. *See Criminal Prods., Inc. v. Gunderman*, 2017 WL 664047, at *2 (W.D. Wash. Feb. 17, 2017) (Jones, J.). Defendants are engaging in unlawful and fraudulent conduct, breaching their contracts with Amazon, tarnishing Amazon's reputation, and causing Amazon financial losses. Without a default judgment, "[b]ecause Defendant[s] [have] failed to respond to the complaint or otherwise appear in this action, [Amazon] will be left without a remedy, and therefore prejudiced, if default judgment is not granted." *Steiner*, 82 F. Supp. at 1028.

As to the second and third factors, Amazon has proven all of the claims asserted in its well-pled FAC. *See Microsoft Corp. v. Ricketts*, 2007 WL 1520965, at *2 (N.D. Cal. May 24, 2007) (second and third *Eitel* factors typically considered together). *See supra*, Section II (C)(1)-(3).

As to the fourth factor, Amazon's damages, though substantial, are difficult to quantify. Ong Decl. ¶¶ 7-9. Thus, Amazon is not seeking an award of its actual damages despite the financial and reputational harm caused by Defendants' illegal scheme, but instead seeks only an award of Amazon's reasonable attorneys' fees incurred in prosecuting this action under the Washington Consumer Protection Act, RCW 19.86.090, and the DMCA, 17 U.S.C. § 512(f). *See Lions Gate Films Inc. v. Saleh*, 2016 WL 6822748, at *4 (C.D. Cal. Mar. 24, 2016) ("The fourth factor balances the sum of money at stake 'in relation to the seriousness of the action.' The amount at stake must not be disproportionate to the harm alleged.") (internal quotation marks

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 16
(2:23-cv-00484-JHC-SKV)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    and citation omitted). As alleged in the FAC, Defendants' scheme caused harm to Amazon's

2    reputation and goodwill, as well as direct financial harm. FAC ¶¶ 6, 35, 80, 89, 95, 104, 108,

3    120, 128; Ong Decl. ¶¶ 7-9. Where, as here, a plaintiff only seeks attorneys' fees and injunctive

4    relief, "the fourth *Eitel* factor weighs in favor of granting the default judgment." *Rutherford v.*

5    *Quan*, 2020 WL 3977776, at *4 (C.D. Cal. May 11, 2020); *see also United States v. Vazquez*,

6    2018 WL 4940827, at *8 (C.D. Cal. Sept. 17, 2018) (finding where no damages are sought, this

7    factor weighs in favor of default judgment).

8         As to the fifth factor, the possibility of a dispute concerning material facts is outweighed

9    by Defendants' failure to appear, respond to the FACs, or otherwise avail themselves of their

10   "ample opportunity to contest the allegations." *Criminal Prods.*, 2017 WL 664047, at *3. "When

11   default has been entered, courts find that there is no longer the possibility of a dispute concerning

12   material facts because the court must take the plaintiff's factual allegations as true." *Curtis v.*

13   *Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (Robart, J.). Here, not

14   only are Amazon's allegations taken as true, but Amazon has identified irrefutable evidence of

15   Defendants' fraudulent conduct. FAC ¶¶ 38-73; Ong Decl. ¶ 6.

16        Under the sixth factor, it is "unlikely that the Defendants' failure to respond is the

17   product of excusable neglect" because Defendants Liu, Wu, and Dengkun were served with the

18   Summonses and FAC. Dkt. 38-40; *Criminal Prods.*, 2017 WL 664047, at *2. Defendants have

19   not answered or otherwise appeared in this action despite this service. Dkt. 42.

20        For the seventh factor, although there is a strong policy for deciding cases on the merits,

21   Defendants' refusal to respond to Amazon's claims makes such a decision "'impractical, if not

22   impossible.'" *Lions Gate*, 2016 WL 6822748, at *5 (quoting *PepsiCo, Inc. v. Cal. Sec. Cans*, 238

23   F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)).

24        In sum, all of the *Eitel* factors support entry of default judgment against Defendants.

25        **E.    The Court Should Award Amazon the Relief Requested in the FAC.**

26        Amazon is entitled to an entry of judgment in its favor on all claims and entry of an order

27   permanently enjoining Defendants from further harming Amazon and its customers, cancelling

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 17
(2:23-cv-00484-JHC-SKV)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Defendants' Dhuog Trademark, and awarding Amazon its reasonable attorneys' fees incurred in prosecuting this action pursuant to 17 U.S.C. § 512(f) and the Washington Consumer Protection Act.

### 1.    Amazon Is Entitled to a Permanent Injunction.

Amazon seeks a permanent injunction enjoining Defendants from engaging in further fraudulent acts in connection with Amazon's stores. FAC § VI. Specifically, Amazon seeks an order permanently enjoining Defendants, their officers, agents, representatives, servants, employees, successors, and assigns, and all others in active concert or participation with them, from:

i.    Submitting to Amazon any takedown notifications based on false assertions of rights of copyright ownership by any means or otherwise violating 17 U.S.C. § 512(f), whether as written submissions, through the "Report Infringement" form, or using the "Report a Violation" tool;

ii.    enrolling or attempting to enroll in Amazon Brand Registry;

iii.    filing fraudulent trademark applications or registrations with the USPTO in order to gain access to Amazon's Brand Registry;

iv.    Issuing fraudulent trademark takedown notices using Amazon's Brand Registry; and

v.    assisting, aiding, or abetting any other person or entity in engaging or performing any of the activities referred to in subparagraphs (i) through (iv) above.

In addition, consistent with Federal Rule of Civil Procedure 65(d)(2), Amazon further requests that the permanent injunction cover the named Defendants and "their officers, agents, servants, employees, and attorneys, and all others in active concert or participation with them who receive actual notice of the order." *See* Proposed Order. Rule 65 provides that injunctive relief is binding "upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 18
(2:23-cv-00484-JHC-SKV)

1    notice of the order[.]" *Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9, 13-14, 16 (1945) (citing Fed.

2    R. Civ. P. 65(d)(2)). Courts therefore properly include language in orders indicating that

3    injunctive relief applies to individuals acting in concert with the named defendant. *See, e.g.*,

4    *Monster Energy Co. v. Vital Pharms., Inc.*, 2023 WL 2918724, at *15-16 (C.D. Cal. Apr. 12,

5    2023). Otherwise, "[e]xcluding the phrase 'acting in concert' from the injunction could nullify

6    the decree by allowing Defendants to engage in [prohibited acts] through aiders and abettors." *Id.*

7        For example, in accordance with Rule 65, a court in this district granted a permanent

8    injunction in a trademark infringement case "prohibiting each defendant and their *officers,*

9    *agents, servants, employees and attorneys, and those persons acting in concert or participation*

10   *with them who receive actual notice of the permanent injunction by personal service or*

11   *otherwise*" from using the infringing mark. *Safeworks, LLC v. Teupen Am., LLC*, 717 F. Supp. 2d

12   1181, 1193 (W.D. Wash. June 1, 2010) (Zilly, J.) (emphasis added); *see also Zhi*, 2024 WL

13   943465, at *5-7. Here, also, the permanent injunction should cover Defendants as well as their

14   "officers, agents, servants, employees and attorneys, and those persons acting in active concert or

15   participation with them who receive actual notice of the [permanent injunction]." *Zhi*, 2024 WL

16   943465, at *7.

17       Courts apply the traditional four-factor test for granting a permanent injunction. *See Reno*

18   *Air Racing Ass'n. v. McCard*, 452 F.3d 1126, 1137 (W.D. Wash. July 7, 2006) (citing *eBay Inc.*

19   *v. MercExchange, LLC*, 547 U.S. 388, 392 (2006)). The four factors address whether: (1) the

20   plaintiff has suffered irreparable injury; (2) the plaintiff can be adequately compensated by a

21   remedy at law, such as monetary damages; (3) the balance of hardships between the plaintiff and

22   defendant favors the plaintiff; and (4) the permanent injunction will serve the public. *eBay*, 547

23   U.S. at 391. Applying these factors, a court in this District recently issued an injunction

24   prohibiting false copyright takedown notices in the Amazon Store and other stores or internet

25   service providers. *See Benson Mills Inc. v. Fortenberry*, 2024 WL 3253296, at *3 (W.D. Wash.

26   July 1, 2024) (J. Evanson).

27

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 19
(2:23-cv-00484-JHC-SKV)

### a.    Amazon Has Suffered Irreparable Injury.

Defendants' infringements have irreparably harmed Amazon. Defendants' actions have damaged and will continue to damage Amazon's business, reputation, and goodwill, and may discourage current and potential selling partners from selling products in the Amazon Store, discourage customers from shopping in the Amazon Store, and impact brand owner's trust in Amazon's intellectual property protection tools. Ong Decl. ¶¶ 7-11; *see Benson Mills*, 2024 WL 3253296, at *4. Such irreparable damage will continue unless Defendants' acts are enjoined. Defendants' conduct of actively and fraudulently manipulating Amazon's intellectual property protections while refusing to appear or respond in any way to Amazon's claims is indicative of their refusal to acknowledge or defend their wrongdoing and, by extension, their likelihood to continue that conduct, whether under their own names or aliases. Although Amazon has blocked Defendants' Brand Registry Account, Defendants (and those acting in concert with them) may seek other means of engaging in fraud in connection with Amazon, its affiliates, or in the Amazon Store. Unless Defendants are enjoined, their conduct threatens ongoing harm to Amazon.

### b.    The Injury Cannot Be Compensated Adequately by Remedies at Law.

Defendants' willful and fraudulent conduct has harmed and will continue to harm Amazon's business, reputation, and goodwill such that Amazon cannot be made whole by a monetary award. *See eBay, Inc. v. Bidder's Edge, Inc.*, 100 F. Supp. 2d 1058, 1066 (N.D. Cal. 2000) ("Harm resulting from lost profits and lost customer goodwill is irreparable because it is neither easily calculable, nor easily compensable and therefore is an appropriate basis for injunctive relief."). Without injunctive relief, Amazon will be forced to repeatedly file suit any time Defendants are found to be engaging in fraudulent conduct or otherwise deceiving customers and Amazon. *See Cont'l Airlines, Inc. v. Intra Brokers, Inc.*, 24 F.3d 1099, 1104-05 (9th Cir. 1994) ("[T]he multiplicity of suits necessarily to be engendered if redress was sought at law, all establish the inadequacy of a legal remedy and the necessity for the intervention of

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 20
(2:23-cv-00484-JHC-SKV)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

equity.") (internal quotation marks and citation omitted); *Benson Mills*, 2024 WL 3253296, at *4 (granting permanent injunction); *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1178 (C.D. Cal. 2002) (granting a permanent injunction in the context of a motion for default judgment where, "in the absence of opposition by the non-appearing defendant, it cannot be said that it is 'absolutely clear' that Defendant's allegedly wrongful behavior has ceased and will not begin again") (quoting *Friends of the Earth, Inc., v. Laidlaw Env. Services (TOC), Inc*., 528 U.S. 167 (2000)); *Virgin Recs. Am., Inc. v. Cantos*, 2008 WL 2326306, at *4 (S.D. Cal. June 3, 2008) (granting permanent injunction in the context of a motion for default judgment where "Defendant's lack of participation in this action has given the court no assurance that Defendant's infringing activity will cease"). After resolution of this case, permanent injunctive relief is the only adequate remedy to avoid the continued threat of Defendants' fraudulent and deceptive conduct.

### c.    The Balance of Hardships Favors Amazon.

The balance of hardships favors Amazon. If an injunction does not issue, Amazon stands to suffer further damage from Defendants' continued fraudulent activity, whereas there is no hardship to Defendants that would counterbalance this consideration. *T-Mobile*, 862 F. Supp. 2d at 1133-34 ("Defendant has no legitimate interest" in continuing with deceptive and fraudulent conduct); *Benson Mills*, 2024 WL 3253296, at *4 (injunction not burdensome where it merely requires defendant to follow the law).

### d.    The Public Interest Is Served by Preventing Defendants from Perpetuating Their Fraudulent Activities.

Finally, the public interest is undoubtedly served by preventing Defendants from continuing their fraudulent conduct. Defendants' conduct harms Amazon, its selling partners, brand owners, and consumers who rely upon Amazon's intellectual property protection services and who trust Amazon's reputation. Ong Decl. ¶¶ 7-11; *Benson Mills*, 2024 WL 3253296, at *4 ("the public benefits when the legitimate rights of copyright holders are vindicated") (internal citation and quotation marks omitted). Moreover, there is a strong public interest in removing

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 21
(2:23-cv-00484-JHC-SKV)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

fraudulent trademarks from the USPTO's trademark register, and in stopping bad actors from registering fraudulent marks in the future. *See* USPTO Director's Blog, "How the Domicile Address Requirement Advances Our Trademark Anti-Fraud Efforts," by Dave Gooder, Commissioner for Trademarks, published on August 30, 2023 (calling on the public to support the USPTO's efforts to root out fraudulent trademark applications).[6]

Here all four *eBay* factors favor granting Amazon's requested relief, and therefore a permanent injunction should issue. *See. e.g., Benson Mills*, 2024 WL 3253296, at *4 (finding "a permanent injunction is an equitable and appropriate remedy" against defendant who submitted false takedown notices); *Amazon.com Inc. v. Zhi*, 2024 WL 943465, at *5-7 (W.D. Wash. Mar. 4, 2024) (granting a permanent injunction on default judgment); *Amazon.com, Inc. v. White*, 2022 WL 1641423, at *5-7 (W.D. Wash. May 24, 2022) (ordering permanent injunction against defendants and those acting in concert with them).

> ### 2.    Amazon Is Entitled to an Order Cancelling the Dhuog Trademark Registration Under 15 U.S.C. §§ 1064 and 1119.

Having demonstrated that Defendants obtained their Dhuog Trademark registration using fraudulent means, and that Defendants have never met the requisite trademark use requirements of registration, Amazon is entitled to an order cancelling Defendants' U.S. Trademark Reg. No. 6,334,242 in its entirety. 15 U.S.C. §§ 1064 and 1119; *see BBK Tobacco & Foods LLP v. Cent. Coast Agric., Inc*., 97 F.4th 668, 670 (9th Cir. 2024) (holding that, under Section 1119, "district courts have jurisdiction to consider challenges to a party's trademark applications," including the power to "determine the right to registration" and to "rectify the register with respect to the registrations of any party to the action").

> ### 3.    Amazon Is Entitled to Its Attorneys' Fees Under the CPA and the DMCA.

Amazon has sustained substantial, but difficult to quantify, actual damages, including both reputational damage and costs incurred, to investigate and attempt to remediate against

---

[6] Accessible at https://www.uspto.gov/blog/director/entry/how-the-domicile-address-requirement.

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 22
(2:23-cv-00484-JHC-SKV)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Defendants' fraudulent activities. Ong Decl. ¶¶ 7-9; *Panag v. Farmers Ins. Co. of Washington*, 166 Wash. 2d 27, 62-63 (2009) ("[i]nvestigation expenses and other costs resulting from a deceptive business practice sufficiently establish injury" under the CPA) (citation omitted); *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp*., 122 Wash. 2d 299, 316 (1993) ("[D]amage to business reputation and loss of goodwill are compensable damages under the CPA."). However, Amazon has chosen not to quantify those damages for purposes of this motion.

The CPA also permits prevailing plaintiffs to recover attorneys' fees incurred in pursuing claims for violations of its terms. RCW 19.86.090. "A determination of reasonable attorney fees begins with a calculation of the 'lodestar,' which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Univ. of Wash. v. Gov't Emps. Ins. Co*., 200 Wn. App. 455, 482 (2017) (quoting *Miller v. Kenny*, 180 Wn. App. 772, 820 (2014)). Amazon requests $84,035.50 in reasonable attorneys' fees, which represents a portion of the time that Amazon's attorneys expended on this lawsuit, multiplied by those attorneys' reasonable hourly rates. *See* Commerson Decl. ¶¶ 11-13, Ex. A. Courts in the Western District of Washington have found DWT's standard billing rates to be reasonable. *See, e.g*., *Amazon.com, Inc. v. Wong*, 2022 WL 1092518, at *2 (W.D. Wash. 2022) (finding DWT's standard rates reasonable because such rates are "comparable to those prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation") (internal quotation marks omitted). Commerson Decl. ¶ 18.

An additional basis for an award of attorneys' fees is the DMCA, 17 U.S.C. § 512(f), which provides that violators "*shall be liable for any damages, including costs and attorneys' fees*, incurred . . . by a service provider, who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing." (Emphasis added); *see Steiner*, 82 F. Supp. at 1033 (awarding plaintiffs' attorneys fees incurred in prosecuting a claim under§ 512(f)).

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 23
(2:23-cv-00484-JHC-SKV)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    Accordingly, Amazon is entitled to recover its reasonable attorneys' fees of $84,035.50,

2    under the CPA and § 512(f). RCW 19.86.090; RCW 4.84.010; U.S.C. § 512(f).

3                                 **III.    CONCLUSION**

4    Amazon respectfully requests that the Court enter default judgment against Defendants;

5    cancel the U.S. Trademark Reg. No. 6,334,242 in its entirety; enter a permanent injunction

6    prohibiting Defendants and their agents who receive actual notice of the injunction from

7    engaging in any further conduct, including deceptive and fraudulent conduct, in connection with

8    the Amazon Brand Registry; and award Amazon its reasonable attorneys' fees. *See* Proposed

9    Order.

10

11    *I certify that this memorandum contains 8,221 words, in compliance with the Court's Order*

12    *permitting an over-length brief. See Dkt. 44.*

13

14    DATED this 15th day of August, 2024.

15                            DAVIS WRIGHT TREMAINE LLP
                              *Attorneys for Plaintiffs*
16

17                            *s/ Scott Commerson*
                              Scott Commerson, WSBA #58085
18                            865 South Figueroa Street, Suite 2400
                              Los Angeles, CA 90017-2566
19                            Tel: (213) 633-6800
                              Fax: (213) 633-6899
20                            Email: scottcommerson@dwt.com

21

22

23

24

25

26

27

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 24
(2:23-cv-00484-JHC-SKV)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax